ORIGINAL

Approved: _____
JARROD L. SCHAEFFER
Assistant United States Attorney

Before:  THE HONORABLE DEBRA FREEMAN
United States Magistrate Judge
Southern District of New York

19MAG2194

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,           :    **SEALED COMPLAINT**
                                    :
    - v -                           :    Violation of
                                    :    18 U.S.C. §§ 1951
ANDRES LOPEZ,                       :    and 2
                                    :
            Defendant.              :    COUNTY OF OFFENSE:
                                    :    BRONX

- - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

    AYESHA R. WINSTON, being duly sworn, deposes and says that she is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and charges as follows:

### COUNT ONE

(Hobbs Act Robbery)

    1.  On or about January 14, 2019, in the Southern District of New York and elsewhere, ANDRES LOPEZ, the defendant, unlawfully and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, LOPEZ robbed at knifepoint a commercial establishment in Bronx County, New York.

    (Title 18, United States Code, Section 1951 and 2.)

    The bases for my knowledge and for the foregoing charge, are, in part, as follows:

    2.  I have been a Special Agent with ATF for approximately 14 years.  I am also a member of the joint Special Pattern Armed Robbery Task Force ("SPARTA") comprised of agents from ATF and

detectives from the New York Police Department ("NYPD"). I have been personally involved in the investigation of the above-described offense. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement personnel and other individuals. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my review of surveillance video footage from a store located at or about 4228 White Plains Road, Bronx, New York (the "Store"), I know, among other things, the following:

   a. On or about January 14, 2019, an individual dressed in dark coveralls, with a dark hood, partial facemask, and tan boots ("Robber-1") entered the Store. Upon entering the Store, Robber-1 closed and locked the door to the entrance.

   b. Robber-1 proceeded to the cash register, where the owner of the Store ("Victim-1") was standing. Robber-1 grabbed Victim-1 and demanded, in sum and substance, that Victim-1 give Robber-1 money.

   c. When Victim-1 did not immediately comply, Robber-1 proceeded behind the counter and took money from the cash register. Robber-1 also searched Victim-1's pockets and took cash from Victim-1's wallet.

   d. Robber-1 then proceeded to push Victim-1 into a chair and threaten Victim-1 with a box cutter, before reaching into a cabinet and taking several cellphones.

   e. After taking the cellphones, Robber-1 threatened Victim-1, stating, in sum and substance, "You call the police, and I'll fuck your ass up." Robber-1 then left the Store.

4. Based on my review of surveillance video footage from the Store, as well as interviews with Victim-1, I have learned, in substance and in part, the following:

   a. Shortly after Robber-1 exited the store, Victim-1 called 9-1-1 and reported the robbery.

    b. During that call, Victim-1 reported, in sum and substance, that Victim-1 recognized Robber-1 as an individual from the neighborhood that Victim-1 had known for several years.

    c. Victim-1 also reported, in sum and substance, that Robber-1 had been employed at a nearby discount store.

  5. Based on my discussions with law enforcement officers and my review of reports related to this investigation, I have also learned, in substance and in part, the following:

    a. On or about January 15, 2019, NYPD investigators visited the discount store identified by Victim-1 and spoke with one of the store's managers ("Individual-1").

    b. In response to the description of Robber-1, Individual-1 provided NYPD investigators with the name of ANDRES LOPEZ, the defendant, and stated, in sum and substance, that LOPEZ had worked at the discount store but was fired after approximately one month.

    c. Victim-1 viewed a photo of LOPEZ from a law enforcement database and, in sum and substance, confirmed that LOPEZ was both the individual that Victim-1 knew and the person who had robbed the Store.

  6. Based on my discussions with Victim-1, I know that the Store sells items, including cellphones, obtained through interstate commerce.

  7. WHEREFORE, the deponent respectfully requests that a warrant issue for the arrest of ANDRES LOPEZ, the defendant, and

that he be arrested and imprisoned, or bailed, as the case may be.

_____
AYESHA R. WINSTON
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me this
___ day of March, 2019

_____
THE HONORABLE DEBRA FREEMAN
United States Magistrate Judge
Southern District of New York

4